**FIRST DIVISION
PHIPPS, C. J.,
ELLINGTON, P. J., and DILLARD, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 17, 2014**

# In the Court of Appeals of Georgia

A12A1059. CENTER FOR A SUSTAINABLE COAST, INC. et al.
v. GEORGIA DEPARTMENT OF NATURAL RESOURCES.

ELLINGTON, Presiding Judge.

In this action, the Center for a Sustainable Coast, Inc., and two named plaintiffs (collectively, "the Center") filed a petition challenging the Georgia Department of Natural Resources' ("DNR") use of "letters of permission" to allow alterations to the coast that the Center contends require a permit. The trial court dismissed the petition, and the Center appealed. See *Center for a Sustainable Coast, Inc. v. Ga. Dept. of Natural Resources*, 319 Ga. App. 205 (734 SE2d 206) (2012).

1. In Division 2 of our decision, we held that the trial court erred in dismissing the Center's claim for injunctive relief. Id. at 208-209 (2). The Supreme Court of Georgia granted certiorari to determine whether the doctrine of sovereign immunity

presents a bar to injunctive relief. *Ga. Dept. of Natural Resources v. Center for a Sustainable Coast, Inc.*, _ Ga. _ (Case No. S13G0602, decided February 24, 2014). The Supreme Court held that "sovereign immunity bars the Center's claim for injunctive relief against the State in this case, whether the Center brings that claim pursuant to the common law or [pursuant to] OCGA § 12-5-245," and, therefore, that we erred in holding that "the Center's claim for injunctive relief [is] viable." Id. at _ (*22). Accordingly, Division 2 of our decision in *Center for a Sustainable Coast, Inc. v. Ga. Dept. of Natural Resources*, 319 Ga. App. at 208-209 (2), is vacated, the judgment of the Supreme Court is made the judgment of this Court, and the trial court's ruling is affirmed in part insofar as it dismissed the Center's claim for injunctive relief.

2. In Division 1 of our earlier decision, we held that the trial court did not err in dismissing the Center's declaratory judgment petition. 319 Ga. App. at 207-208 (1). The Supreme Court declined to grant certiorari as to our disposition of the Center's claims for declaratory judgment. *Ga. Dept. of Natural Resources v. Center for a Sustainable Coast, Inc.*, _ Ga. at _, n. 1. We have reviewed Division 1 of our decision and conclude that it is consistent with the Supreme Court's ruling. As a result, our holding in Division 1 became binding upon return of the remittitur and

2

remains the judgment of this Court; the trial court's ruling is affirmed in part insofar as it dismissed the Center's declaratory judgment petition.

3. In Division 3 of our earlier decision, we vacated the trial court's judgment insofar as it dismissed the Center's due process and equal protection claims, and we remanded the case for further consideration. 319 Ga. App. at 209 (3). The Supreme Court declined to grant certiorari as to our disposition of the Center's claims pursuant to the United States Constitution. *Ga. Dept. of Natural Resources v. Center for a Sustainable Coast, Inc.*, _ Ga. at _, n. 1. We have reviewed Division 3 of our decision and conclude that it is consistent with the Supreme Court's ruling. As a result, our holding in Division 3 became binding upon return of the remittitur and remains the judgment of this Court; the trial court's ruling is vacated in part.

*Judgment affirmed in part and vacated in part, and case remanded. Phipps, C. J., and Dillard, J., concur.*